IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: SMITTY'S/CAM2 303 TRACTOR HYDRAULIC FLUID MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | ) ) MDL No. 2936 ) ) Master Case No. 4:20-MD-02936-SRB ) ) Related to Case No. 21-CV-00071 ) |

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-00071-SRB ) |
| SMITTY'S SUPPLY, INC, et al. | ) ) |
| Defendants. | ) ) |

## **ORDER**

Before the Court is Plaintiff Nationwide Agribusiness Insurance Company's ("Nationwide") Motion to Strike Smitty's Summary Judgment Declarations and Corresponding References. (Doc. #165.) As stated below, the motion is DENIED.

Nationwide seeks to strike the declarations of Jonathan Lorio and Tina Chiango, which were attached as exhibits to Defendant Smitty's Supply, Inc.'s ("Smitty's") summary judgment briefings, pursuant to Federal Rule of Civil Procedure 56(d)[1] because Smitty's was not substantially justified in failing to disclose their identities pursuant to Federal Rule of Civil Procedure 26(a).

---

[1] Nationwide refers to Federal Rule of Civil Procedure 56(f) in support of its motion. As Rule 56 was amended on November 1, 2022, the rule at issue is now referred to as Rule 56(d).

"A party opposing summary judgment who believes he has not had adequate opportunity to conduct discovery must seek relief pursuant to Federal Rule of Civil Procedure 56([d]), which requires that party to show 'what specific facts further discovery might unveil.'" *United States ex. rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 427 (8th Cir. 2002) (quoting *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999)). Rule 56(d) allows the Court to "allow time to obtain affidavits or declarations or to take discovery . . . [or] issue any other appropriate order.'" *Id.* (citing Fed. R. Civ. P. 56(d)). "The use of an undisclosed witness should seldom be barred unless bad faith is involved." *Bergfeld v. Unimin Corp.*, 319 F.3d 350, 355 (8th Cir. 2003) (citation and quotations omitted).

Here, Nationwide does not identify what it expects additional discovery or the depositions of Jonathan Lorio and Tina Chiango to unveil. Further, the record does not indicate Smitty's acted in bad faith. As to Jonathan Lorio, Nationwide identified him in its Rule 26 disclosures in the related MDL Action (Case No. 20-MD-2936). *See Bergfeld*, 319 F.3d at 355 (holding a failure to disclose a witness was not in bad faith where the other party "had adequate notice during discovery that [the witness] was a person likely to have discoverable information"). Similarly, Tina Chiango was appointed as the Settlement Administrator in the underlying *Hornbeck* action and her declaration serves the limited purpose of laying the foundation for a spreadsheet of the class's claims.

Accordingly, Nationwide's Motion to Strike (Doc. #165) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2022