IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IN RE: SMITTY'S/CAM2 303 TRACTOR HYDRAULIC FLUID MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 2936<br><br>Master Case No. 4:20-MD-02936-SRB<br><br>Related to Case No. 21-CV-00071 |

| | |
|---|---|
| NATIONWIDE AGRIBUSINESS INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>  v.<br><br>SMITTY'S SUPPLY, INC., et al.<br><br>          Defendants. | Case No. 4:21-cv-00071-SRB |

## SUGGESTION OF REMAND AND TRANSFER ORDER

**I.    BACKGROUND**

This declaratory judgment action ("DJ Action") is part of a multidistrict litigation proceeding ("MDL") that involves product liability claims brought against Defendant Smitty's Supply, Inc. ("Smitty's"). Smitty's manufactured, marketed, and sold tractor hydraulic fluids ("THF Products"). The MDL Plaintiffs purchased Smitty's THF Products, which they claim they are defective and caused Plaintiffs to suffer property damage.

This Order recommends the remand of this DJ Action, Case No. 4:21-cv-00071-SRB, only. This Order does **not** recommend remand of other claims contained in the MDL, docketed as Master Case No. 4:20-MD-02936-SRB.

Plaintiff Nationwide Agribusiness Insurance Company ("Nationwide") issued Smitty's

1

various commercial general liability insurance policies ("the Policies"), effective April 30, 2014, to April 30, 2020. The Policies provide that Nationwide will indemnify Smitty's for "those sums the insured becomes legally obligated to pay as damages" because of "property damage[.]" (Doc. #138-1, p. 16.)[1]

In May 2018, a class action entitled *Shawn Hornbeck et. al. v. Tractor Supply Company et. al.*, No. 4:18-cv-00523-NKL ("the *Hornbeck* Action") was filed in the Circuit Court of Cass County, Missouri, and subsequently transferred to this Court. The *Hornbeck* Plaintiffs alleged that Smitty's THF Products were defective and caused property damage to their equipment. Smitty's sought indemnity in the *Hornbeck* Action from Nationwide under the Policies. Nationwide agreed to retain counsel, but disputed that it was obligated to provide coverage. Nationwide participated in and agreed to settle the *Hornbeck* Action in August 2019 ("the *Hornbeck* Settlement").

In October 2020, Nationwide filed this DJ Action in the United States District Court for the Eastern District of Louisiana ("the Eastern District of Louisiana"), seeking a determination as to what portion, if any, it is required to indemnify Smitty's for the *Hornbeck* Settlement. The United States Judicial Panel on Multidistrict Litigation ("JMPL") transferred this DJ Action to the undersigned for inclusion in the MDL due to common issues of fact as to Smitty's "knowledge of the alleged product defect and causation of property damages." (Doc. #37, p. 2.)

Since transfer to this Court, the parties have engaged in discovery and the Court ruled on motions for summary judgment. This case no longer benefits from centralized proceedings and is subject to remand. This DJ Action should be remanded to the Eastern District of Louisiana

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF. Additionally, for the sake of brevity, the Court will cite to only one of the policies at issue when quoting the Policies. The Court will note if and where the Policies' language differs.

2

Case 4:21-cv-00071-SRB   Document 183   Filed 02/07/23   Page 2 of 10

pursuant to 28 U.S.C. § 1407(a).  To assist the Eastern District of Louisiana, this order will describe events that have taken place in the DJ Action.  A copy of this order, along with the case files and materials, will be available to the Eastern District of Louisiana after remand.

II.     **SUGGESTION OF REMAND**

The power to remand rests with the JPML.  28 U.S.C. § 1407(a).  Remand is proper "at or before the conclusion of . . . pretrial proceedings[.]"  *Id.*  When a case is ready to be remanded, the transferee judge must suggest so to the JPML:

> If and when the transferee judge determines that any action or claim is, in fact, . . . ready for remand because . . . the action or claim would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings, the transferee judge may suggest to the Panel that the Panel remand the action or claim to its transferor district.

*In re Multi-Piece Rim Prods. Liab. Litig.*, 464 F. Supp. 969, 975 (J.P.M.L. 1979).

The Court suggests that the JMPL should remand this DJ action because the purpose of consolidated proceedings has been fulfilled.  All issues relating to Smitty's knowledge of the alleged THF Product's defects and the causation of property damages, the motivating factors of consolidation, have been resolved by the Court in the parties' motions for summary judgment.  All that remains are case-specific issues regarding (1) the amount of damages sustained by Smitty's due to Nationwide's failure to indemnify Smitty's fall within the period policy; and (2) whether Nationwide's failure to indemnify was in bad faith, in violation of Louisiana law.  These issues do not involve common issues of fact with the MDL proceedings.

As the instant case would not benefit from further consolidated pretrial proceedings, the Court therefore suggests that the JPML remand the instant case to the Eastern District of Louisiana for further proceedings.

III.    **THE DJ ACTION PROCEEDINGS**

A summary of the proceedings to date is provided below to assist the Eastern District of

3

Louisiana on remand, if ordered by the JPML.

### A. The Policies

Nationwide issued Smitty's (1) six primary commercial general liability insurance policies effective consecutively from April 30, 2014, to April 30, 2020; and (2) four umbrella commercial general liability insurance policies effective consecutively from April 30, 2014, to April 30, 2018. The Policies provide that Nationwide will indemnify Smitty's for "those sums the insured becomes legally obligated to pay as damages" because of "property damage" caused by an "occurrence." (Doc. #138-1, p. 16.) The Policies define "property damage" as:

   a. Physical injury to tangible property, including all resulting loss of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it.

(Doc. #138-1, p. 30.) The Policies cover property damage if:

   (1) The . . . 'property damage' is caused by an 'occurrence' . . . ;
   (2) The . . . 'property damage' occurs during the policy period; and
   (3) Prior to the policy, no insured . . . know that the . . . 'property damage' had occurred, in whole or in part. If such a[n] [insured] [knew], prior to the policy period, that the . . . 'property damage' occurred, then any continuation, change or resumption of such . . . or 'property damage' during or after the policy period will be deemed to have been known prior to the policy period.

(Doc. #138-1, p. 16.) The Primary Policies limit the amount paid for "property damage" to $1,000,000 for "any one occurrence[.]" (Doc. #138-1, pp. 14, 25.)

### B. The *Hornbeck* Action and Settlement

The *Hornbeck* Plaintiffs generally alleged that Smitty's "deceptively and misleadingly label, marketed and sold" the THF Products. (Doc. #77-2, p. 1.) The *Hornbeck* Plaintiffs claimed that Smitty's represented the THF Products "as meeting certain manufacturer specifications and providing certain anti-wear and protective benefits when, in fact, [Smitty's]

4

knew, or should have known" the THF Products did not. (Doc. #77-2, p. 2.) The *Hornbeck* Plaintiffs alleged that the THF Products "cause[d] purchasers' equipment to suffer increased wear and damage to the spiral gear, excessive wear in the planetaries, improper and poor shifting, seal leakage, and improper operation of the wet brakes." (Doc. #77, p. 5.) The *Hornbeck* Plaintiffs alleged the following causes of action:

>Count I – Violation of the Missouri Merchandising Practices Act;
>Count II – Breach of Express Warranty;
>Count III – Breach of Implied Warranty of Merchantability;
>Count IV – Fraudulent Misrepresentation;
>Count V – Negligent Misrepresentation;
>Count VI – Unjust Enrichment;
>Count VII – Negligence;
>Count VIII – Breach of Implied Warranty of Fitness for a Particular Purpose.

Nationwide agreed to retain counsel on behalf of Smitty's in the *Hornbeck* action, but reserved the right to "[d]eny the claim and or coverage" and "[u]se action to determine the rights and obligations of the parties." (Doc. #138-12, p. 4; Doc. #138-13, p. 4.) Nationwide also stated that "[f]rom a review of the complaint, it does not appear as if the plaintiffs are seeking sums payable as damages because of 'bodily injury' or 'property damage' caused by an 'occurrence,' as those terms are defined by the policy." (Doc. #138-12, p. 4; Doc. #138-13, p. 4.) Another Smitty's insurer, National Union Fire Insurance Company ("National Union") agreed to participate in Smitty's Defense.

The *Hornbeck* Plaintiffs, Smitty's, Nationwide, and National Union participated in settlement negotiations. The parties agreed on key terms by executing a Key Provisions agreement on July 17, 2019. Ultimately, the settlement agreement was executed and preliminarily approved by United States District Judge Nanette K. Laughrey on August 19, 2019. The claims period was from May 25, 2013 to March 27, 2020. Nationwide agreed to pay $80,000 of the Settlement Agreement and National Union agreed to pay $20,000, leaving

5

$1,600,000 of the Class Settlement Fund to be paid.

On September 30, 2019, Nationwide sent Smitty's a letter disputing coverage and announcing that it did not have sufficient information to evaluate the reasonableness of the settlement or whether the settlement was covered by the Policies.  On February 25, 2020, the *Hornbeck* Plaintiffs filed a Motion for Final Approval of Proposed Class Action Settlement.  The motion was granted, and the *Hornbeck* Action was dismissed with prejudice.  Nationwide paid $80,000 of the Class Settlement Fund, National Union paid $20,000, and Smitty's paid the remaining $1,600,000.

The *Hornbeck* Settlement distributed funds to qualifying class members in two relief funds: (1) the Automatic Relief Fund and (2) the Repairs/Parts/Specific Damage Claim Fund Relief ("the Damage Fund").  The Automatic Relief Fund provides "automatic damages" to class members "calculated as a percentage of the purchase price," for the purpose of "compensat[ing] for property damage generally sustained."  (Doc. #138-18, p. 12.)  The Settlement Agreement states:

> Plaintiffs allege that this monetary relief is required because property damage has been suffered by each and every purchaser of the Super S Super Trac 303 THF Product.  That damage has occurred to the equipment in which the Super S Super Trac 303 THF was used even if the owner has not yet had to pay for repair parts or service.

(Doc. #138-18, p. 13.)  The Damage Fund distributed $819,918 to class members "to pay claims submitted . . . for the costs of any equipment repairs, parts purchases, and/or specific damage to equipment that resulted from, in whole or in part, the use of [the THF Products] during the class period."  (Doc. #138-18, p. 12.)

    C.    **The Parties' Claims and Pleadings**

In its Third Amended Complaint, Nationwide seeks a declaratory judgment "as to what

portion, if any, it is required to indemnify Smitty's . . . arising from" the *Hornbeck* Settlement. (Doc. #77, p. 1.) Smitty's filed three counterclaims, alleging Breach of Contract (Count I); Common Law Bad Faith under Missouri and/or Louisiana law (Count II); and Statutory Bad Faith under Mo. Rev. Stat. §§ 375.296 and 375.420, or, alternatively, La. Stat. Ann. § 22:1973, or, alternatively, La. Stat. Ann. § 22:1892 (Count III).

### D.     Key Rulings

#### 1.     Motion to Dismiss

On February 2, 2022, Nationwide filed a motion to dismiss Smitty's counterclaims (Doc. #105), arguing (1) Smitty's failed to allege breach of contract because a settlement agreement cannot form the basis of such a claim; (2) Smitty's failed to allege bad faith because there were legitimate grounds for disagreement regarding coverage; and (3) Smitty's failed to properly plead punitive damages and attorney's fees because, under Louisiana law, they are only available when authorized by statute.

The Court denied Nationwide's motion to dismiss (Doc. #121), finding that Smitty's stated plausible claims under both Missouri and Louisiana law. The Court found that Smitty's had properly stated a breach of contract claim because "the Settlement Agreement was a settlement of the claims asserted by the *Hornbeck* Plaintiffs against Smitty's for alleged property damage caused by" the THF Products. (Doc. #121, p. 8.) The Court also found that, taking Smitty's allegations as true, any disputes regarding the "legitimacy" of reasonable disagreements as to coverage are "best determined at a later state of litigation." (Doc. #121, p. 9.) Finally, the Court found that Smitty's had properly pled punitive damages and attorney's fees because "statutory penalties and attorney's fees are available under Louisiana law[,] [La. Stat. Ann. § 22:1892,] and punitive damages are recoverable under Missouri law[.]" (Doc. #121, p. 11.)

7

### 2. Motions for Summary Judgment

On August 19, 2022, Nationwide and Smitty's filed cross-motions for summary judgment. (Doc. #133; Doc. #135.) Both parties moved for summary judgment on Nationwide's claim for declaratory judgment and Smitty's breach of contract claim (Count I). Nationwide also moved for summary judgment on Smitty's common law and statutory bad faith claims (Counts II and III). Not all arguments raised by Smitty's and Nationwide will be discussed in this Order.

The Court found that the *Hornbeck* Settlement was covered under the Policies because it fell within the applicable policy terms and both the Automatic Relief Fund and Damage Fund compensated for property damages suffered by the *Hornbeck* Plaintiffs due to use of the THF Products. (Doc. #170.) Thus, the Court granted summary judgment on Nationwide's declaratory judgment claim and Smitty's Count I in favor of Smitty's. However, the *Hornbeck* Settlement class period starts May 25, 2013, which is before the Policies went into effect on April 30, 2014. Accordingly, the Court ordered supplemental briefing on the extent of damages falling within the policy period. (Doc. #159.) As to Smitty's Counterclaims Counts II and III, the Court found that it need not address choice of law issues as there were genuine questions of material fact as to whether Nationwide's refusal to indemnify Smitty's was reasonable, a common element under both Missouri and Louisiana law. Thus, the Court denied Nationwide's motion for summary judgment on Smitty's Count II and III.

The parties submitted supplemental briefing on the extent of damages that occurred with the policy period. The parties dispute the credibility and accuracy of the evidence presented by Smitty's, which consists of summaries of class members' claims prepared by Tina Chiango, the claims administrator retained in the *Hornbeck* action. Ultimately, as the issue of what damages fall within the policy period is a case-specific factual determinations, the Court determined that

this issue is better decided on remand.

The parties also submitted supplemental briefing on whether the Court should suggest to the JMPL that this case should be remanded. In those briefs, Smitty's stated that it accepted that Louisiana law applies to its bad faith claims, and that it would no longer pursue its counterclaim Count II. Therefore, the only issue remaining on Count III is whether Nationwide violated La. Rev. Stat. §§ 22:1973 and 22:1892 and, if so, the amount of damages stemming from those violations.

E. **Further Proceedings in Remand**

Because all general discovery relevant to the DJ Action has been completed, the Eastern District of Louisiana need not be concerned with facilitating general expert, corporate, and third-party discovery. This observation is not meant to restrict the power of the Eastern District of Louisiana for good cause or in the interest of justice to address issues that may arise on remand.

The parties submitted briefs to the Court on what issues remain to be resolved on remand. In that brief, Smitty's states it does not intend to pursue Count II, alleging common law bad faith, and concedes that Louisiana law applies to Count III, alleging statutory bad faith, such that it will not pursue its claim under Missouri law. Smitty's argues that the following issues remain: "[t]he amount of damages sustained by Smitty's stemming from Nationwide's breach of contract;" and whether Nationwide violated La. Rev. Stat. §§ 22:1973 and 22:1892 and, if so, the amount of damages sustained by Smitty's. (Doc. #181, p. 6.) Considering Smitty's concessions, Nationwide argues that the following issues remain: whether Nationwide violated La. Rev. Stat. §§ 22:1973 and 22:1892 and, if so, is liable for any damages or costs; whether Nationwide is entitled to any set-off; and whether twenty-one various affirmative defenses apply.

In sum, the Court finds two issues remain: (1) what damages stemming from the

*Hornbeck* Settlement fall within the policy period; and (2) whether Nationwide violated La. Rev. Stat. §§ 22:1973 and 22:1892 and, if so, the amount of damages stemming from those violations.

## IV. CONCLUSION

Pursuant to J.P.M.L. Rule 10.1(b)(i), the Court suggests that the JPML remand this DJ action to the Eastern District of Louisiana for further proceedings. The Clerk of the Court shall forward a certified copy of this order to the JPML.

This Order recommends the remand of this DJ Action, Case No. 4:21-cv-00071-SRB, only. This Order does **not** recommend remand of other claims contained in the MDL, docketed as Master Case No. 4:20-MD-02936-SRB.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2023